UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Brian Begley

    v.                              Civil No. 17-cv-317-LM
                                    Opinion No. 2019 DNH 191

Windsor Surry Company et al.

## **O R D E R**

Plaintiff Brian Begley brings this action individually and on behalf of a putative class of New Hampshire consumers against defendants Windsor Surry Company d/b/a WindsorONE and Windsor Willits Company d/b/a Windsor Mill (collectively "Windsor"). Begley asserts claims against Windsor arising from allegedly defective wood trim products that Windsor manufactures and sells, which Begley used in constructing his home. Windsor requests leave to file a third-party complaint against Nehemiah Builders, Inc. and its owner Paul Vandenberg, who installed Windsor's wood trim product onto Begley's home. Doc. no. 60. Begley objects. On November 1, 2019, the court heard oral argument on the motion. For the following reasons, Windsor's motion for leave to file a third-party complaint is denied.

**STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 14(a), a defendant may bring a third-party complaint against a nonparty "who is or

may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Where, as here, a defendant seeks to file the third-party complaint more than 14 days after filing its answer, it must obtain the court's permission. Fed. R. Civ. P. 14(a). The decision whether to grant leave "is left to the informed decision of the district court, which should allow impleader on any colorable claim of derivative liability that will not unduly delay or otherwise prejudice the ongoing proceedings." Lehman v. Revolution Portfolio L.L.C., 166 F.3d 389, 393 (1st Cir. 1999).

"A third-party claim may be asserted under Rule 14(a)(1) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defending party." Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1446 (3d ed. 2010) (footnotes omitted); see also Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 376 (1978) ("A third-party complaint depends at least in part upon the resolution of the primary lawsuit. Its relation to the original complaint is thus not mere factual similarity but logical dependence."). To meet this standard, a defendant must show that, if it were found liable to the plaintiff, it "has a right under substantive law to transfer its liability derived from the

original complaint to the third-party defendant." Zurich Am. Ins. v. Lord Elec. Co. of Puerto Rico, 828 F. Supp. 2d 462, 468 (D.P.R. 2011) (internal quotation marks and brackets omitted). It is the defendant's burden to show that impleader is proper under Rule 14. See Leasetec Corp. By & Through Leasetec Sys. Credit v. Inhabitants of Cty. of Cumberland By & Through Cumberland Cty. Registry of Deeds, 896 F. Supp. 35, 40 (D. Me. 1995).

Rule 14(a) does not permit a defendant to implead "a separate and independent claim even though the claim arises out of the same general set of facts as the main claim." Davis v. Prot. One Alarm Monitoring, Inc., No. CIV.A. 03-40195-FDS, 2005 WL 3728711, at *6 (D. Mass. Nov. 2, 2005) (internal quotation marks omitted). Nor may a defendant implead a third party "merely because [the third party] may be liable to the plaintiff." Owen, 437 U.S. at 368 n.3; see also Zurich, 828 F. Supp. 2d at 468.

## BACKGROUND

Windsor manufactures the WindsorONE line of pre-primed wood trim board products. It markets and sells this line of trim board products for interior and exterior use on buildings and other structures. In advertisements, Windsor represented to

consumers that the trim board product is "defect free," "waterproof," and that it provides "durability and long term performance." Doc. no. 17 at ¶ 188.

In 2004, Begley began constructing a home in Wilmot, New Hampshire. He hired Paul Vandenberg, the owner of Nehemiah Builders, Inc., to build the home. Begley authorized Vandenberg to purchase WindsorONE trim board through a local distributor and use it on 9,712 linear feet of exterior surfaces of the home. Vandenberg completed construction in 2005. In 2007 and 2008, Begley noticed that about 384 linear feet of the trim board was rotting, deteriorating, splitting, warping, and/or growing fungus. Begley filed a warranty claim with Windsor and received credit to purchase 400 linear feet of trim board in exchange for executing a release of liability. He used the credit to purchase trim board from another company and had Vandenberg replace and repair the rotted trim board.

In 2015, Begley noticed that the rotting and deterioration of the WindsorONE trim board had spread to new areas, totaling 2,125 linear feet of trim board. Begley filed a second warranty claim with Windsor. Windsor responded by again offering a credit with a value of the cost of 400 linear feet of WindsorONE trim board in exchange for Begley's execution of another release of liability. Begley declined this offer.

In 2017, Begley filed this action on his own behalf and on behalf of a putative class of New Hampshire consumers who own structures with WindsorONE trim board. The following claims asserted in Begley's amended complaint remain: (1) breach of express warranty (count two); (2) negligence (count four); and (3) a request for declaratory and injunctive relief (count five). See doc. no. 41 at 8 n.2, 36 (dismissing Begley's implied warranty claim and noting that Begley had "withdrawn" his New Hampshire Consumer Protection Act claim).

**DISCUSSION**

Windsor requests leave of court to file a third-party claim under Rule 14 against Nehemiah Builders, Inc. and Vandenberg (collectively "Vandenberg"). The proposed third-party complaint alleges that "any of the damage purportedly suffered by Begley" was the result of Vandenberg's negligence in failing to "properly follow installation instructions and directions and properly construct Begley's home." Doc. no. 60-2 at 3. Consequently, Windsor claims that, to the extent it is found liable to Begley, Vandenberg is liable to it under theories of common-law indemnification and contribution. As explained above, to show that these third-party claims are proper under Rule 14(a), Windsor must show that—if it is found liable to

5

Begley—it will be able to shift or transfer that liability (or a portion thereof) to Vandenberg under New Hampshire law. See Owen, 437 U.S. at 376; Zurich, 828 F. Supp. 2d at 468.

Windsor has failed, however, to articulate a legal theory which allows it to hoist derivative liability onto Vandenberg. The gravamen of Begley's remaining claims is that Windsor defectively designed the trim board product. For example, count four of the amended complaint (negligence) alleges that Windsor owed Begley a duty of care to design, manufacture, market, and sell a non-defective trim board product and that it breached that duty by manufacturing a defective trim board. Count two (breach of express warranty) alleges that Windsor breached its express warranty that the trim board was suitable for exterior use by providing a defective product that prematurely rots and deteriorates when installed on the exterior of structures. Likewise, count five (request for declaratory and injunctive relief) also relies on Begley's assertion that Windsor defectively designed and manufactured the trim board.

Products liability is the "legal theory by which liability is imposed on the manufacturer or seller of a defective product." Black's Law Dictionary 1462 (11th ed. 2019). Products liability actions may be premised on a variety of legal theories, including negligence, strict liability, and breach of

warranty.  See id.; 8 Richard B. McNamara, N.H. Practice: Personal Injury—Tort and Insurance Practice § 8.02 (4th ed. 2015); see also Pigulski v. Johnson & Johnson, Inc., No. 18-CV-1061-LM, 2019 WL 2582540, at *3 (D.N.H. June 24, 2019)(refusing to dismiss negligence claims as duplicative of strict liability claims for defective design and failure to warn).[1]  In sum, all of Begley's remaining claims sound in a "design defect" theory of products liability.

By contrast, the theory underlying Windsor's third-party claims of indemnification and contribution is that Vandenberg negligently installed the trim board and negligently constructed the house.  Windsor has failed to articulate a viable legal theory for transferring its liability for defective design of the trim board to third parties who did not participate in the design or manufacture of the product but who, instead, merely installed the product.  Indeed, Windsor conceded at the hearing that, if a jury concluded that Begley's damages were caused by a design defect in the trim board, then Windsor would have no

---

[1] There was much discussion at the hearing about whether count four alleges a products liability claim or a negligence claim.  As explained above, those two classifications are not mutually exclusive.  Nevertheless, Begley made clear at the hearing that he is pursuing a products liability theory of recovery and that, to the extent the amended complaint could be read to allege a more "general" negligence claim, he waives that claim.

7

claim against Vandenberg because he did not participate in the design of the trim board.[2] Under these circumstances, the court cannot find that impleading Vandenberg is proper under Rule 14.

Additionally, permitting impleader would prejudice Begley. Begley represented, and the court agrees, that allowing the third-party claim would expand the scope of discovery and introduce substantial delays. Specifically, the parties would need to discover additional details about Vandenberg's installation of the trim board and the instructions for installation, and Begley would likely need to retain an expert on construction and installation of trim. See Riccitelli v. Water Pik Techs., Inc., 203 F.R.D. 62, 65-66 (D.N.H. 2001) (denying motion to implead in part due to potential for undue delay and prejudice to plaintiff caused by need for additional discovery and third-party motion practice).

---

[2] Notably, Windsor is not alleging that Vandenberg's negligence somehow contributed to or enhanced the damage to Begley's home. That is, Windsor is not pursuing a joint-tortfeasor theory of liability. Rather, Windsor's third-party complaint attempts to shift all its potential liability onto Vandenberg through a contribution or indemnification theory. Windsor cites no legal support for this theory of derivative liability.

8

**CONCLUSION**

For the foregoing reasons, Windsor's motion for leave to file a third-party complaint (doc. no. 60) is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

November 18, 2019

cc: Counsel of Record.